IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MELVIN PELL and ELLEN PELL,                    )
                                               )
                    Plaintiffs,                )
                                               )
          v.                                   )
                                               )          Civil Action No. 02-21 KAJ
E.I. DUPONT DE NEMOURS &                       )
COMPANY INCORPORATED, et al.,                  )
                                               )
                    Defendants.                )


**MEMORANDUM ORDER**


**I.    INTRODUCTION AND BACKGROUND**

Before me is a Motion for Reconsideration and/or Alteration in Judgment (Docket

Item ["D.I."] 181; the "Motion") filed by plaintiffs Melvin Pell, a retired employee of

DuPont, and Ellen Pell, his wife (collectively, "Plaintiffs") pursuant to Federal Rule of

Civil Procedure 59(e).[1]  Plaintiffs' Motion comes in response to my October 6, 2006

Findings of Fact and Conclusions of Law.  (D.I. 177.)  In those Findings of Fact and

Conclusions of Law, I determined that Plaintiffs had succeeded under an equitable

estoppel theory of relief, establishing that DuPont had made material

misrepresentations, that Plaintiffs reasonably and detrimentally relied upon those

misrepresentations, and that extraordinary circumstances existed to warrant relief.  (*Id.*

at 30, ¶28.)  I also concluded that Plaintiffs' request for restitution for unduly low

_____

[1] The factual background of the case is described in detail in *Pell v. E.I. DuPont
De Nemours & Co.*, No. CIVA02-21KAJ, 2006 WL 2864604, at *1-*6 (D. Del. Oct. 6,
2006).

pension payments that had already been made to Mr. Pell was not permitted under

Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §

1132, as interpreted by the Supreme Court, but that an injunction was appropriate to

compel DuPont to recognize and use August 1, 1972 in calculating Mr. Pell's future

benefits under the pension plan. (*Id.*) Plaintiffs now ask me to reconsider my ruling

that Defendants do not owe Plaintiffs recompense for unduly low pension payments

made prior to October 6, 2006. (D.I. 182 at 5.) For the reasons that follow, I will deny

Plaintiffs' Motion.

## II.   STANDARD OF REVIEW

A motion for reconsideration should be granted sparingly. *TI Group Auto. Sys.,*

*(N. Am.), Inc. v. VDO N. Am., L.L.C.*, No. C.A.00-432-GMS, 2002 WL 87472, at *1 (D.

Del. Jan. 22, 2002). The purpose of a motion for reconsideration is to correct manifest

errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*,

779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A motion for

reconsideration may be granted if the moving party shows: (1) an intervening change in

the controlling law; (2) the availability of new evidence that was not available when the

court issues its order; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a

decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp.

1109, 1122 (E.D. Pa. 1993). Motions for reconsideration may not be used "as a means

to argue new facts or issues that inexcusably were not presented to the court in the

2

matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240

(D. Del. 1990) (citation omitted).

## III.   DISCUSSION

I determined, after trial and post-trial briefing, that Plaintiffs' request for restitution

for unduly low pension payments already made to Mr. Pell was not permitted under

Section 502.  (D.I. 177 at 20, ¶28.)  Plaintiffs argue that I should grant their motion for

reconsideration, because I viewed the law more restrictively than the Supreme Court in

*Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), creating a

manifest error of law or fact.  (D.I. 182 at 1; D.I. 188 at 2.)  They contend that it is

appropriate under ERISA to award them benefits from either Mr. Pell's date of

retirement or the date of filing of this lawsuit, because "the DuPont Pension Fund was a

sufficiently traceable fund in the Defendant's possession to allow equitable restitution."

(D.I. 181.)

Section 502(a)(3) of ERISA permits a beneficiary "to obtain ... appropriate

equitable relief ... to redress [ERISA] violations."  29 U.S.C. 1132(a)(3).  The Supreme

Court reaffirmed in *Great-West Life* that ERISA does not permit the award of

compensatory or money damages.  *See id.* at 209-10; *see also Mertens*, 508 U.S. at

255-56.  That is, ERISA does not permit "the imposition of personal liability" for an

obligation to pay money for benefits conferred.  *Id.* at 214, 221.  What a plaintiff can do,

however, is seek restitution in equity, "ordinarily in the form of a constructive trust or an

equitable lien, where money or property identified as belonging in good conscience to

the plaintiff could clearly be traced to particular funds or property in the defendant's

3

possession." *Great-West Life*, 534 U.S. at 213-14 (quoting *Restatement of Restitution* § 215, cmt. a., at 867.)

Here, plaintiffs allege that DuPont's pension fund is a trust fund, because it consists of funds that are not general assets of DuPont. (D.I. 182 at 4.)  In other words, the DuPont pension fund comprises "all of the money in the ERISA account [that] ha[s] to be used specifically for either pension or other ERISA regulated purposes." (D.I. 182 at 2.)  They further urge that because DuPont repeatedly indicated that there were funds available to pay Mr. Pell his pension based on a pre-1975 date, "that a portion of DuPont's pension fund was impressed with a trust for Mr. Pell's benefits," making those funds sufficiently identifiable under *Great-West Life.* (*Id.* at 2-3.)  In the alternative, Plaintiffs claim that when they filed suit for injunctive relief, "there was impressed upon the ERISA trust fund ... an equitable trust to pay the proper pension amount requested in the Complaint," even though DuPont never actually set the funds aside. (*Id.* at 4.)  Accordingly, they contend that at least they should be entitled to the full amount of the pension from the date they filed suit on January 9, 2002. (*Id.*)

As earlier noted, granting a motion for reconsideration is appropriate only if there is an intervening change in the controlling law, there is new evidence that was not available when the court issued its order, or there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677. None of those situations are present here.  Plaintiffs contend that I made "an error in fact and/or law which allows a Motion for Reconsideration" (D.I. 188 at 2), but the standard is much higher than Plaintiffs suggest.  There must be a "clear" error of law or fact.  Here, Plaintiffs cite to no authorities that show I have made a clear error of law or

4

fact in my determinations. They cite no authorities to support their propositions that DuPont's pension fund should be considered a trust fund, that a portion of that fund should be "impressed with a trust for Mr. Pell's benefit," or that a trust was "impressed" upon the DuPont's pension fund when they filed their complaint. Plaintiffs, in essence, ask me to rethink a decision I have already made, which is not an appropriate ground for granting a motion for reconsideration. *Glendon Energy Co.*, 836 F. Supp. at 1122. In short, because Plaintiffs have not demonstrated that I made a clear error of law or fact, they have not met the high burden required to prevail on a motion for reconsideration.

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration and/or Alteration in Judgment (D.I. 181) is DENIED.

UNITED STATES DISTRICT JUDGE

November 22, 2006
Wilmington, Delaware

5